# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JOSEPH L. CLARK,

        CASE NO.: 3:23-cv-96-HES-LLL

    Plaintiff,

v.

DEPUTY R. HYATT,
DEPUTY B. LAPOINTE, and
DEPUTY J. SYDORAVITZ

    Defendants.
_____/

## DEFENDANT, BRIAN LAPOINTE'S, ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, DEPUTY B. LAPOINTE,[1] by and through undersigned counsel answers Plaintiff's Second Amended Complaint for Violation of Civil Rights (Doc. 19) and states as follows:

1. Defendant Lapointe admits that the Court has subject matter jurisdiction, and that venue is proper in this Court.

2. Defendant Lapointe admits that at all times material, he was employed by the Town of Orange Park as a police officer.

3. Defendant Lapointe denies that he has ever been employed by the Clay County Sheriff's Office.

---

[1] Plaintiff's Second Amended Complaint incorrectly names Brian Lapointe as a deputy. However, Brian Lapointe is a police officer with the Town of Orange Park.

1

4. Defendant Lapointe denies that he has ever been a deputy with the Clay County Sheriff's Office.

5. Defendant Lapointe admits that on January 9, 2022, he found Plaintiff in a parking lot in Orange Park, Florida with a stolen vehicle.

6. Defendant Lapointe admits that on January 9, 2022, Plaintiff pushed him down, injuring and incapacitating him.

7. Defendant Lapointe admits that on January 9, 2022, he never left the parking lot after Plaintiff injured and incapacitated him.

8. Defendant Lapointe admits that on January 9, 2022, after Plaintiff pushed him down, he watched Plaintiff run on foot away from the parking lot.

9. Defendant Lapointe denies that at 5:05 PM he ran around with Deputy Sydorowicz because after Plaintiff injured Defendant Lapointe, Defendant Lapointe never left the parking lot and Defendant Lapointe had no other interactions with Plaintiff.

10. Defendant Lapointe denies that he ran up to Plaintiff and threw him on the ground because after Plaintiff injured Defendant Lapointe, Defendant Lapointe never left the parking lot and Defendant Lapointe had no other interactions with Plaintiff.

11. Defendant Lapointe denies that he and Deputy Hyatt secured the Plaintiff by handcuffing his hands behind him because after Plaintiff

injured Defendant Lapointe, Defendant Lapointe never left the parking lot and Defendant Lapointe had no other interactions with Plaintiff.

12. Defendant Lapointe denies that he held Plaintiff on the ground while Deputy Hyatt held his K9 on a leash to chew on Plaintiff's thigh and backside because after Plaintiff injured Defendant Lapointe, Defendant Lapointe never left the parking lot and Defendant Lapointe had no other interactions with Plaintiff.

13. Defendant Lapointe denies that he held Plaintiff down with Deputy Hyatt while Deputy Sydorowicz struck Plaintiff with his fist because after Plaintiff injured Defendant Lapointe, Defendant Lapointe never left the parking lot and Defendant Lapointe had no other interactions with Plaintiff.

14. Defendant Lapointe admits that at all times material he was acting in his official capacity as a police officer with the Town of Orange Park.

15. Defendant Lapointe denies that he violated Plaintiff's rights guaranteed by the Fourth Amendment to the United States Constitution.

16. Defendant Lapointe denies that any of his actions were the proximate cause of Plaintiff's alleged damages.

17. Defendant Lapointe is without knowledge as to Plaintiff's actions or co-defendant's actions after he was incapacitated in the parking lot where Plaintiff injured him. Therefore, all allegations after that time are denied.

18. Defendant Lapointe denies all other allegations contained in Plaintiff's Second Amended Complaint which were not specifically admitted herein and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Second Amended Complaint fails to state a claim upon which relief can be granted based on the facts alleged and the law.

### Second Affirmative Defense

Defendant Lapointe had probable cause for all actions he took regarding Plaintiff; thus, barring Plaintiff's recovery under any theory.

### Third Affirmative Defense

Plaintiff may have been the beneficial recipient of recovery from collateral sources. Accordingly, Defendant Lapointe is entitled to set offs from any damage award for those payments from collateral sources.

### Fourth Affirmative Defense

Any injury about which Plaintiff complains was the result of the actions or omissions of Plaintiff, or the actions or omissions of persons other than Defendant Lapointe. Any damages awarded against Defendant Lapointe should be reduced by the share attributable to other persons.

### Fifth Affirmative Defense

Defendant Lapointe asserts that his conduct at the scene of the incident and events described in the Second Amended Complaint were taken

in good faith and were objectively reasonable under the circumstances presented to him.

## Sixth Affirmative Defense

Defendant Lapointe asserts that he was in the lawful exercise of his law enforcement duties in his official capacity at the time of all the actions that were taken involving Plaintiff. At no time did Defendant Lapointe act in his individual capacity regarding the actions taken involving Plaintiff.

## Seventh Affirmative Defense

Plaintiff has a duty to mitigate all damages and has failed to meet that duty. Plaintiff's recovery, if any, should be barred or comparatively diminished by the ratio to which his failure to undertake reasonable efforts or exercise reasonable care to mitigate his alleged damages contributed to, exacerbated, or increased his alleged injuries and damages.

## Eighth Affirmative Defense

Defendant Lapointe asserts that at all times material hereto, he was acting with a reasonable, good faith belief that his action and conduct was justified, legal, and proper under the circumstances and did not violate clearly established statutory or constitutional rights and, thus, is entitled to qualified immunity for some or all of the acts complained of by Plaintiff.

## Ninth Affirmative Defense

Defendant Lapointe cannot be liable for the alleged injuries to Plaintiff or other damages because Plaintiff cannot establish that Defendant Lapointe caused the alleged injuries or other damages.

### DEMAND FOR TRIAL BY JURY

Defendant Brian Lapointe hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 15th day of December, 2023.

                **MARKS GRAY, P.A.**

                */s/Kendall S. Manini*
                **Susan S. Erdelyi**
                Florida Bar No.: 0648965
                **Kendall S. Manini**
                Florida Bar No.: 1025543
                1200 Riverplace Blvd., Suite 800
                Jacksonville, FL 32207
                Phone: (904) 398-0900
                Fax: (904) 399-8440
                Email: serdelyi@marksgray.com
                kmanini@marksgray.com
                Secondary:
                jmcduffie@marksgray.com
                jpopovici@marksgray.com
                pbeler@marksgray.com
                *Attorneys for Defendant B. Lapointe*

### CERTIFICATE OF SERVICE

I CERTIFY that on this 15th day of December, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants:

| | |
|---|---|
| Joseph Clark #J28530<br>Century Correctional Institution<br>400 Tedder Road<br>Century Florida 32535<br>*Pro Se Plaintiff* | |
| Bobby G. Palmer, Jr., Esq.<br>Damon S. Starrett, Esq.<br>Hilyard, Bogan & Palmer, P.A.<br>Post Office Box 4973<br>Orlando, FL 32802-4973<br>Telephone: (407) 425-4251<br>Facsimile: (407) 841-8431<br>bpalmer@hilyardlawfirm.com<br>dstarrett@hilyardlawfirm.com<br>Attorneys for Defendants R. Hyatt and J. Sydorowicz | |

<u>/s/Kendall S. Manini</u>
**Kendall S. Manini**